**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDMUND P. ZYNDA ) <br> 7215 Patton Drive ) <br> Woodbine MD 21797 ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> THE HONORABLE MICHAEL W. WYNN ) <br> Secretary of the Air Force ) <br> 1670 Air Force Pentagon ) <br> Washington, DC 20330-1670 ) <br> ) <br> *Defendant*. ) <br> ) | Civil Action No. |

## I.  COMPLAINT

1. This complaint alleges that Plaintiff was denied due process of law on two occasions when the Air Force considered him for promotion to the rank of Major, 0-4.

2. The dates of consideration for promotion were June 16, 1997, and April 6, 1998. The corresponding selection board designators were P0497C Line Major Central Selection Board and P0498B Line Major Central Selection Board, respectively.

3. The materials on which the members of the promotion selection board relied when considering Plaintiff for promotion contained equal opportunity instructions that are unconstitutional.

## II.  JURISDICTION AND VENUE

4. This is a complaint brought under 28 U.S.C. § 1331, Federal Question Jurisdiction, and 5 U.S.C. § 701 *et. seq*., the Administrative Procedure Act.

5. Venue is proper because Defendant is a resident of the District of Columbia.

### III.  **THE PARTIES**

6. Plaintiff, Edmund P. Zynda, is a former Air Force officer and resides at the address provided in the caption above.

7. Defendant is the Secretary of the Air Force, whose principal place of business is in the District of Columbia, at the address provided in caption above.

### IV.  **TIMELINESS AND EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8. Plaintiff was discharged from the Air Force effective July 1, 2000.

9. 28 U.S.C § 2501 requires the filing of a claim before this Court within six (6) years after such claim first accrues.

10. 50 U.S.C. Appx. § 501 *et. seq*, "The Servicemembers' Civil Relief Act," tolls the applicable limitation period while servicemembers are performing active duty service.

11. This claim therefore is timely filed.

12. Recourse to the Air Force Board for the Correction of Military Records is optional.

13. Plaintiff has exhausted his administrative remedies.

### V.  **STATEMENT OF FACTS**

14. On September 10, 1986, Plaintiff, a white male, was commissioned an officer in the U.S. Air Force.

15. Plaintiff served on active duty in the U.S. Air Force from December 17, 1979 to July 1, 2000.

16. Plaintiff was duly promoted from the rank of Second Lieutenant (O-1) to First Lieutenant (O-2), and then to Captain (O-3).

17. Plaintiff was twice considered for promotion to Major. On both occasions he was not selected for promotion.

18. All Air Force promotion boards are provided with a Memorandum of Instructions to guide the members in their task of selecting who will and will not be recommended for promotion.

19. Both boards that considered Plaintiff for promotion to Major were provided with "equal opportunity" instructions.

20. The instructions provided for the PO497C Line Major Selection Board contained the following language: "[y]our evaluation of minority and women officers must clearly afford them fair and equitable consideration. Equal opportunity for all officers is an essential element of our selection system. In your evaluation of the records of minority and women officers, you should be particularly sensitive to the possibility that past individual and societal attitudes, and in some instances utilization policies or practices, may have placed these officers at a disadvantage from a total career perspective. The promotion selection board shall prepare for review by the Secretary and Chief of Staff, a report of minority and women officer selections as compared to the selection rates for all officers considered by the board."

21. The Memorandum of Instruction provided to the P0498B Line Major Central Selection Board contained the same or similar language.

22. Both promotion selection boards failed to select Plaintiff for promotion to Major.

23. By memorandum dated February 19, 2004, the Secretary of the Air Force stated as follows: "[w]hen determined appropriate by the AFBCMR to correct an error or injustice related to the EO clause used between January, 1990 and June, 1998, or when otherwise directed by the Secretary of the Air Force, the Air Force will conduct a Special Selection Board or Special Board (as appropriate) to determine if the member was harmed as a result of the EO clause."

## VI.  CLAIM
### Violation of the U.S. Constitution

24. The Fifth Amendment to the U.S. Constitution affords Plaintiff the equal protection of the laws.

25. Defendant employed racial and gender classification schemes in the Memorandum of Instructions issued to the 1997 and 1998 Line Major Promotion Selection Boards.

26. The promotion selection boards were instructed to consider race and gender when selecting officers for promotion to the rank of Major.

27. The use of race and gender for selecting officers for promotion violates the Equal Protection Clause of the Fifth Amendment to the U.S. Constitution.

28. Defendant has recognized that the equal opportunity clause employed in Plaintiff's 1997 and 1998 selection boards may have prejudiced many officers, including Plaintiff.

29. Plaintiff's prospects for promotion to Major were harmed by Defendant's use of the unconstitutional equal opportunity language.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant him the following relief:

1. Order the Secretary of the Air Force to consider Plaintiff for promotion to the rank of Major through a Special Selection Board corresponding to the 1997 selection board that failed to select him for promotion, and if not selected by that board, that he be considered for promotion through a Special Selection Board corresponding to the 1998 selection board that failed to select him for promotion;

2. Award Plaintiff costs expended in pursuit of this action; and

3. Award Plaintiff attorney fees in accordance with the Equal Access to Justice Act.

Respectfully submitted,


Raymond J. Toney (NY0066)

The Law Office of Raymond J. Toney
34-16 30th Avenue, Third Floor
Astoria, NY 11103
Tel: 718-726-3656
Fax: 718-504-4735
E-mail: rjtoney@rjtlaw.net

*Attorney for Plaintiff*