IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDMUND P. ZYNDA,                    )
                                    )
          Plaintiff,                )
                                    )
     v.                             )     Case No. 1:06CV01183-ESH
                                    )
MICHAEL W. WYNNE,                   )
Secretary of the Air Force,         )
                                    )
          Defendant.                )

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(1), defendant Michael W. Wynne, Secretary of the Air

Force, by his undersigned attorney, hereby moves to dismiss this action for lack of jurisdiction

over the subject matter:

1. Plaintiff has failed to exhaust the administrative remedy required by statute before

jurisdiction may attach. The specific statutory provisions of 10 U.S.C. § 628(h)(1) expressly

deny jurisdiction to any court of the United States to consider a claim by any person who failed to

be selected for promotion by a Selection Board unless and until his claim has been referred to a

Special Selection Board by the Secretary and acted upon by that Board, and the report of the

Board has been approved by the President. As a condition prerequisite, plaintiff has not filed an

administrative claim with the Air Force Board for Correction of Military Records (AFBCMR)

seeking a recommendation that the Secretary convene a Special Selection Board to consider

plaintiff's claims that PO497C and PO498B Line Major Selection Boards in 1997 and 1998

failed to recommend him for promotion to Major because of unconstitutional equal opportunity

language instructions to the Selection Boards employing racial and gender classification schemes

in the selection process.

2. The Court also lacks jurisdiction under the federal question statute, 28 U.S.C. § 1331, which does not itself waive sovereign immunity to confer jurisdiction on the Court.

3. The Court also lacks jurisdiction over plaintiff's claim under the Administrative Procedure Act (APA) because consideration by an AFBCMR whether to recommend that a Special Selection Board be convened to review his failures to be selected for promotion by the 1997 and 1998 Selection Boards is a prerequisite to final agency administrative action, and absent final action under 5 U.S.C. § 704 of the APA, the United States has not waived its sovereign immunity to authorize judicial review under 5 U.S.C. § 702 of the APA.

In support of this motion, defendant Michael W. Wynne, Secretary of the Air Force, respectfully submits the accompanying Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
Interim United States Attorney

VINCENT M. GARVEY
Deputy Branch Director
D.C. Bar No. 127191

|  | /s/Herbert E. Forrest |
| OF COUNSEL: | HERBERT E. FORREST |
| MAJOR CAREY A. MERRILL | Trial Attorney |
| AFLOA/JACL | D.C. Bar No. 4432 |
| 1501 Wilson Blvd., 7th Floor | Federal Programs Branch |
| Arlington, VA 22209 | Civil Division -- Room 7112 |
| Telephone: (703) 696-9119 | U.S. Department of Justice |
| Facsimile : (703) 696-8446 | 20 Massachusetts Avenue, N.W. |
| e-mail: carey.merrill@pentagon.af.mil | Washington, D.C. 20530 |
|  | Telephone: (202) 514-2809 |
|  | Facsimile:  (202) 616-8470 |
|  | e-mail: herbert.forrest@usdoj.gov |
|  | Attorneys for Defendant |

October 12, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDMUND P. ZYNDA,                      )
                                     )
            Plaintiff,               )
                                     )
      v.                             )        Case No. 1:06CV01183-ESH
                                     )
MICHAEL W. WYNNE,                    )
Secretary of the Air Force,          )
                                     )
            Defendant.               )

## ORDER

UPON CONSIDERATION of Defendant's Motion to Dismiss and Defendant's

Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, the

briefings of the parties, and the entire record, and the Court being fully advised in the premises, it

is by the Court, this _____ day of _____, 2006,

ORDERED, That Defendant's Motion to Dismiss this action be, and the same hereby is,

GRANTED; and it is

FURTHER ORDERED, That this action be, and the same hereby is, DISMISSED.

_____
ELLEN SEGAL HUVELLE
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDMUND P. ZYNDA,                        )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )        Civil Action No. 1:06CV01183-ESH
                                        )
MICHAEL W. WYNNE,                       )
SECRETARY OF THE AIR FORCE,             )
                                        )
            Defendant.                  )

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
Interim United States Attorney

VINCENT M. GARVEY
Deputy Branch Director
D.C. Bar No. 127191

OF COUNSEL:                             HERBERT E. FORREST
MAJOR CAREY A. MERRILL                  Trial Attorney
AFLOA/JACL                              D.C. Bar No. 4432
1501 Wilson Blvd., 7th Floor            Federal Programs Branch
Arlington, VA  22209                    Civil Division -- Room 7112
Telephone: (703) 696-9119               U.S. Department of Justice
Facsimile : (703) 696-8446              20 Massachusetts Avenue, N.W.
e-mail: carey.merrill@pentagon.af.mil   Washington, D.C.  20530
                                        Telephone: (202) 514-2809
                                        Facsimile:   (202) 616-8470
                                        e-mail: herbert.forrest@usdoj.gov
                                        Attorneys for Defendant

## TABLE OF CONTENTS

**PAGE**

INTRODUCTION ............................................................................................................... 1

STATEMENT OF THE CASE ........................................................................................... 2

STANDARD FOR REVIEW ............................................................................................. 3

ARGUMENT ..................................................................................................................... 5

I.     THE COURT LACKS JURISDICTION BECAUSE PLAINTIFF HAS
      NOT EXHAUSTED HIS STATUTORY ADMINISTRATIVE REMEDY ................... 5

     A.     The Statute Requires Exhaustion of Administrative Remedies ........................... 5

     B.     Because Plaintiff Has Not Sought Administrative Review of the
           Selection Board Decisions by the Air Force Board for Correction
           of Military Records, the Court Lacks Jurisdiction Under the Statute
           Over Plaintiff's Claims ......................................................................................... 7

     C.     The Decisions of the District Court in Juffer v. Caldera and Scott v.
           England Are Apposite on the Absence of Jurisdiction for the Failure
           to Exhaust Remedies ........................................................................................... 10

II.    JURISDICTION IS NOT CONFERRED BY THE FEDERAL QUESTION
     STATUTE OR THE ADMINISTRATIVE PROCEDURE ACT ..................................... 14

     A.     The Federal Question Statute Does Not Confer Jurisdiction ............................... 15

     B.     In the Absence of Final Agency Action, the APA Does Not
           Confer Jurisdiction ............................................................................................... 15

CONCLUSION ................................................................................................................. 17

## TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE(S)**

Benvenuti v. Dep't of Defense, 587 F. Supp. 348 (D.D.C. 1984) ................................................ 15

Bethlehem Steel Corp. v. EPA, 669 F.2d 903 (3d Cir. 1982) ...................................................... 16

Beverly Enterprises, Inc. v. Herman, 50 F. Supp. 2d 7 (D.D.C. 1999) ....................................... 16

Bittner v. Sec'y of Defense, 625 F. Supp. 1022 (D.D.C. 1985) ................................................... 12

Bois v. Marsh, 801 F.2d 462 (D.C. Cir. 1986) ........................................................................... 13

Capitol Leasing Co. v. FDIC, 999 F.2d 188 (7th Cir. 1993) ........................................................ 4

Champagne v. Schlesinger, 506 F.2d 979 (7th Cir. 1974) .......................................................... 13

City of New York v. Slater, 145 F.3d 568 (2d Cir. 1998) ............................................................. 9

Coggeshall Development Corp. v. Diamond, 884 F.2d at 4 ........................................................ 15

Coit Independence Joint Venture v. FSLIC, 489 U.S. 561 (1989) .......................................... 8, 11

DRG Funding Corp. v. Sec'y of HUD, 76 F.3d 1212 (D.C. Cir. 1996) ...................................... 17

DSE, Inc. v. United States, 169 F.3d 21 (D.C. Cir. 1999) ............................................................ 8

Darby v. Cisneros, 509 U.S. 137 (1993) ...................................................................................... 8

Deuser v. Vecera, 139 F.3d 1190 (8th Cir. 1998) ........................................................................ 4

District of Columbia Retirement Bd. v. United States, 657 F. Supp. 428 (D.D.C. 1987) ............ 4

Dorsey v. United States Dep't of Labor, 41 F.3d 1551 (D.C. Cir. 1994) ................................... 14

EEOC v. Lutheran Social Services, 186 F.3d 959 (D.C. Cir. 1999) ............................................. 8

FDIC v. Scott, 125 F.3d 254 (5th Cir. 1997) ................................................................... 8, 10, 12

FTC v. Standard Oil Co. of California, 449 U.S. 232 (1980) ..................................................... 16

Galvan v. Federal Prison Industries, Inc., 199 F.3d 461 (D.C. Cir. 1999) ................................ 15

Hawaii v. Gordon, 373 U.S.57 (1963) ....................................................................................... 14

Herbert v. National Academy of Sciences, 974 F.2d 192 (D.C., Cir. 1992) ................................. 4

Hindes v. FDIC, 137 F.3d 148 (3d Cir. 1998) ........................................................................... 16

Independent Petroleum Ass'n of America v. Babbitt, 971 F. Supp. 19 (D.D.C. 1997),
    motion to amend denied, 178 F.R.D. 323 (D.D.C. 1998), affd., 235 F.3d 588
    (D.C. Cir. 2001) ...................................................................................................................... 16

Juffer v. Caldera, 138 F. Supp.2d 22 (D.D.C. 2001) ..................................................... 10, 11, 12

Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994) ....................................... 4

Lane v. Pena, 518 U.S. 187 (1996) ........................................................................................... 15

Mansfield, C & L.M. Ry. Co. v. Swan, 111 U.S. 379 (1884) ..................................................... 13

Marsh v. Johnson, CA No. 00-2150 (D.D.C. Aug. 29, 2003) ...................................................... 3

Ex parte McCardle, 7 Wall. (74 U.S.) 506 (1869) ...................................................................... 13

Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41 (1938) ...................................................... 7

Northwestern Indiana Telephone Co. v. FCC, 824 F.2d 1205 (D.C. Cir. 1987) ........................ 12

Porter v. Adams, 639 F.2d 273 (5th Cir. 1981) ............................................................................ 9

Public Citizen v. Office of U.S. Trade Representatives, 970 F.2d 916 (D.C. Cir. 1992) ........... 17

Scott v. England, 264 F. Supp. 2d 2 (D.D.C. 2002) .................................................. 4, 10, 12, 13

St. Regis Paper Co. v. Marshall, 591 F.2d 612 (10th Cir. 1979) ............................................... 13

Stanford v. United States, 413 F.2d 1048 (5th Cir. 1969) .......................................................... 13

Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 ...................................................... 13

Swan v. Clinton, 100 F.3d 973 (D.C. Cir. 1996) .................................................................. 15, 16

Ticor Title Insurance Co. v. FTC, 814 F.2d 731 (D.C. Cir. 1987) ............................................. 16

Trafalgar Capital Associates, Inc. v. Cuomo, 159 F.3d 21 (1st Cir. 1998) ................................. 8

United States v. Dalm, 494 U.S. 596 (1990) .............................................................................. 14

United States v. Mitchell, 445 U.S. 535 (1980) ........................................... 14

United States v. Sherwood, 312 U.S. 584 (1941) ....................................... 14

United States v. Testan, 424 U.S. 392 (1976) ............................................ 14

Voluntary Purchasing Groups, Inc. v. Reilly, 889 F.2d 1380 (5th Cir. 1989) ............................ 15

Young v. Reno, 114 F.3d 879 (9th Cir. 1997) .............................................. 8

## STATUTES

5 U.S.C. §§ 701, et seq ........................................................................ 2, 14, 15

5 U.S.C. § 702 ...................................................................................... 2, 15

5 U.S.C. § 704 ...................................................................................... 2, 16

10 U.S.C. §§ 611, et seq ........................................................................ 5

10 U.S.C. § 612(a) ................................................................................ 5

10 U.S.C. § 616(a) ................................................................................ 5

10 U.S.C. §§ 618, 624 ........................................................................... 5

10 U.S.C. § 628(a) ................................................................................ passim

10 U.S.C. § 628(h)(1) ............................................................................ 8

10 U.S.C. § 1552 .................................................................................. 5, 9

10 U.S.C. § 14502(g) ............................................................................ 6, 10, 11

18 U.S.C. § 1331 .................................................................................. 14

28 U.S.C. § 1331 .................................................................................. 2, 15

Pub. L. 107-107, Div A Title V, § 503(b), 115 Stat. 1084 ........................... 6

## **FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 12(b)(1) ............................................................................................................. 1, 4

Fed. R. Civ. P. 12(b) and (c) ......................................................................................................... 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDMUND P. ZYNDA,                    )
                                    )
              Plaintiff,            )
                                    )
      v.                            )          Civil Action No. 1:06CV01183-ESH
                                    )
MICHAEL W. WYNNE,                   )
SECRETARY OF THE AIR FORCE,         )
                                    )
              Defendant.            )

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(1) and LCvR 7(a), defendant Michael W. Wynne,

Secretary of the Air Force (the Secretary), by his undersigned attorney, hereby submits his

memorandum of points and authorities in support of his motion to dismiss this action.

**INTRODUCTION**

Plaintiff challenges his failure to be selected for promotion, claiming that he was denied

equal protection of the law because the Selection Boards considering him for promotion utilized

unconstitutional equal opportunity instructions. Defendant has moved to dismiss this action

under Fed. R. Civ. P. 12(b)(1) because the Court does not have jurisdiction over the subject

matter of these claims because plaintiff has not initiated the administrative process required by

statute before a court can consider such claims. That process provides for referral to the

Secretary by the Air Force Board for Correction of Military Records (AFBCMR or Correction

Board) for a determination whether to refer his claim to a Special Selection Board for action by

that Board and a report of that Board has been approved by the President. He therefore failed to

fulfill the jurisdictional prerequisite to judicial review of his claim that two Selection Boards had

failed to recommend him for promotion because of unconstitutional race and gender discrimination. Merely because the claim is constitutionally based does not entitle plaintiff to bypass exhaustion requirements.

In addition, jurisdiction is not conferred by 28 U.S.C. § 1331, the federal question statute invoked by plaintiff, because it does not itself waive sovereign immunity to confer jurisdiction on the court, and jurisdiction is also not conferred by the Administrative Procedure Act, §§ 701, et seq.. also invoked by plaintiff, because there has been no final action by the agency under 5 U.S.C. § 704 to waive sovereign immunity to judicial review under 5 U.S.C. § 702.

### STATEMENT OF THE CASE

The complaint avers that plaintiff is a white male who was commissioned as an officer in the U.S. Air Force on September 10, 1986, and served on regular active duty with the U.S. Air Force from December 17, 1979, to July 1, 2000, rising in rank from Second Lieutenant to First Lieutenant to Captain. Complaint (Compl.) at ¶¶ 14-16. After being considered for promotion to Major by two Selection Boards but not selected for promotion, plaintiff was discharged from the U.S. Air Force effective July 1, 2000. Id. at ¶¶ 8, 17, 22.

Plaintiff alleges that he was denied promotion to Major because of "equal opportunity" instructions provided to the 1997 POE497C Line Major Selection Board and the 1998 POE498B Line Major Selection Board that required the Selection Boards in their evaluation of minority and women officers to clearly afford them fair and equal consideration, under the principle that equal opportunity was an essential element of the Air Force's selection system. Id. at ¶¶ 20, 21. According to plaintiff, the Boards were instructed, in their evaluation of the records of minority and women officers, to be particularly sensitive to the possibility that past individual and societal

2

attitudes, and in some instances utilization policies and practices, may have placed these officers at a disadvantage from a total career perspective.  Id.  The Boards were required to prepare for review by the Secretary and Chief of Staff a report of minority and women officer selections, as compared to the selection rates for all officers considered by the Board.  Id.

Plaintiff claims that the equal protection clause of the Fifth Amendment of the U.S. Constitution was violated because the Selection Boards were instructed to consider race and gender in selecting officers for promotion to the rank of Major, which may have prejudiced many officers, including plaintiff, and harmed his prospects for promotion.  Id.  at ¶¶ 25-29.

Plaintiff's administrative record reflects that plaintiff did file an application to the AFBCMR on August 19, 1999, for Special Selection Board consideration alleging that an Air Force Achievement Medal and Performance Recommendation Form (PRF) were not in his records prior to convening the 1997 Board; annotations to the PRF were unfairly highlighted; his Duty Air Force Specialty Code (DAFSC) was incorrect; and the DAFSCs for his duty positions were incorrect.  See Exhibit A.  The AFBCMR determined that the evidence presented did not demonstrate the existence of probable material error or injustice, and his application was denied. See Exhibit B.  No appeal was taken from this determination, and it is not referred to in plaintiff's complaint in this action.  That application to the AFBCMR did not address the "equal opportunity" claim presented in this action, and plaintiff does not now allege in his complaint that he has filed an application to the AFBCMR addressing his "equal opportunity" claim. Rather, he avers that recourse to the AFBCMR is optional, and that he has exhausted his administrative remedies.  Compl. at ¶¶ 12, 13.  Plaintiff cites no authority for these assertions.

3

## STANDARD FOR REVIEW

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." Marsh v. Johnson, CA No. 00-2150, at 10 (D.D.C. Aug. 29, 2003) (Urbina, J.), citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). On a motion under Rule 12(b)(1), plaintiff bears the burden of establishing that the court has subject matter jurisdiction. Scott v. England, 264 F. Supp. 2d  2, 7 (D.D.C. 2002) (Urbina, J.), citing District of Columbia Retirement Bd. v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987) (Hogan, J.). The court further stated: "In evaluating whether subject-matter jurisdiction exists, the court must accept all of the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. . . . The court need not, however, accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." 264 F. Supp. 2d at 7 (citations omitted). "Moreover, the court need not limit itself to the allegations of the complaint. . . . Rather, the court may consider such materials outside the pleadings as it deems appropriate to determine whether it has jurisdiction over the case." Id. (citations omitted). See also Herbert v. National Academy of Sciences, 974 F.2d 192, 197 (D.C., Cir. 1992) ("the court may consider supplemental facts where appropriate going to jurisdiction").

A motion for lack of jurisdiction over the subject matter under Rule 12(b)(1), unlike Rules 12(b) and (c), is not treated as one for summary judgment if matters outside the pleadings are presented and not excluded by the court. Capitol Leasing Co. v. FDIC, 999 F.2d 188, 191 (7th Cir. 1993). "The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Id. "The court's election to go beyond the allegations in

4

the complaint "does not convert the 12(b)(1) motion to dismiss into a motion for summary

judgment." Deuser v. Vecera, 139 F.3d 1190, 1191 n.3 (8th Cir. 1998).  See Scott v. England,

264 F. Supp. 2d at 7.

## ARGUMENT

### I.  THE COURT LACKS JURISDICTION BECAUSE PLAINTIFF HAS NOT EXHAUSTED HIS STATUTORY ADMINISTRATIVE REMEDY

#### A.  The Statute Requires Exhaustion of Administrative Remedies

Procedures for the promotion, separation, and involuntary retirement of regular officers

on the active-duty list, the classification held by plaintiff before his retirement, are governed by

10 U.S.C. §§ 611, et seq.  While serving on active duty, a regular officer is considered for

promotion to the next higher grade by a Selection Board composed of higher grade officers, 10

U.S.C. §§ 611(a), 612(a), to "recommend for promotion to the next higher grade those officers

considered by the board, giving due consideration to the needs of the armed force concerned for

officers with particular skills . . ., considered best qualified for promotion within each

competitive category considered by the board."  10 U.S.C. § 616(a).  The recommendations of

the Selection Board are transmitted in a report to the Secretary, and ultimately to the President,

for promotion of the selected officers.  10 U.S.C. §§ 618, 624.

If the Secretary determines that an officer was not considered for selection for promotion

or was not selected for promotion because of administrative error or material unfairness, the

standard for referral to the Secretary by the AFBCMR, see 10 U.S.C. § 1552, the Secretary shall

convene a Special Selection Board to determine whether that officer, whether or not on active

duty, should be recommended for promotion.  10 U.S.C. §§ 628(a), (b).  When convened, the

Special Selection Board compares the officer's record with a sampling of the records of officers of the same grade and competitive category who had been recommended and officers who had not been recommended for promotion by the initial Selection Board, and then recommends to the Secretary whether the officer should be promoted. 10 U.S.C. §§ 628(a)(2), (b)(2). An officer who is appointed to the next higher grade as the result of the recommendation of the Special Selection Board shall on appointment have the same date of rank, the same effective date for the pay and allowances of that grade, and the same position on the active-duty list as he would have had if he had been recommended for promotion to that grade by the board which should have considered or did consider the officer. 10 U.S.C. § 628(d)(2). If the officer is not on the active-duty list when appointed to the next higher grade, placement on the active-duty list shall be only for purposes of eligibility for consideration for promotion by a subsequent Selection Board. Id.

A federal court may thereafter review the Secretary's determination not to convene a special selection board to determine if the decision was arbitrary or capricious, not based on substantial evidence, a result of material error of fact or material administrative error, or otherwise contrary to law, and if the court so finds, it will remand the case to the Secretary for consideration by a Special Selection Board. 10 U.S.C. § 628(g)(1)(A). A federal court may also review an action of the Special Selection Board, and may set aside the action if the court finds that the action was arbitrary or capricious, not based on substantial evidence, a result of material error of fact or material administrative error, or otherwise contrary to law. 10 U.S.C. § 628(g)(2).

However, an express statutory provision in a 2002 amendment to 10 U.S.C. § 628(h) under the National Defense Authorization Act for Fiscal Year 2002, Pub. L. 107-107, Div. A, Title V, § 503(b), 115 Stat. 1084, Dec. 28, 2001, made applicable to regular active duty officers

6

comparable provisions for judicial review already in effect for reserve officers on the active-duty

list, 10 U.S.C. § 14502(g). A federal court is now denied jurisdiction to review promotion

decisions for regular active duty officers unless and until on administrative review his claim has

been referred to a Special Selection Board which has acted upon that claim, and the Board's

report has been approved by the President.

> **(h) Limitation of other jurisdiction.** – No official or court of the United States
> may, with respect to a claim based to any extent on the failure of a person to be
> selected for promotion by a promotion board –
>
> **(1)** consider the claim, unless the person has been referred by the Secretary
> concerned to a special selection board convened under this section and acted upon
> by that board and that board and the report of the board has been approved by the
> President; or
>
> **(2)** except as provided in subsection (g), grant any relief on the claim unless the
> person has been selected for promotion by a special selection board convened
> under this section to consider the person for recommendation for promotion and
> the report of the board has been approved by the President.

The statute thus explicitly requires that administrative remedies be exhausted before the Court

may have jurisdiction over "a claim, based to any extent on the failure of a person to be selected

for promotion by a selection board convened," 10 U.S.C. § 628(h), for regular officers on the

active-duty list, id. at § 611. The amendment was made applicable by statute with respect to any

proceeding pending on or after the date of enactment of the Act, 115 Stat. 1085-86, i.e.,

December 28, 2001, so that the provisions are thus applicable to this action, which was filed on

June 28, 2006.

### B. Because Plaintiff Has Not Sought Administrative Review of the Selection Board Decisions by the Air Force Board for Correction of Military Records, the Court Lacks Jurisdiction Under the Statute Over Plaintiff's Claims

It is a "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted" (footnote omitted). Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938). "Whether courts are free to impose an exhaustion requirement as a matter of judicial discretion depends, at least in part, on whether Congress has provided otherwise[.]" Darby v. Cisneros, 509 U.S. 137, 144 (1993). Supreme Court cases "have recognized that exhaustion of administrative remedies is required where Congress imposes an exhaustion requirement by statute." Coit Independence Joint Venture v. FSLIC, 489 U.S. 561, 579 (1989). Under the APA, a party cannot seek judicial review from a final agency action without pursuing an intra-agency appeal if required to do so by statute or regulation. DSE, Inc. v. United States, 169 F.3d 21, 26 (D.C. Cir. 1999). "If Congress itself imposes an exhaustion requirement, courts must enforce its express terms. . . . In such cases, failure by a claimant to exhaust deprives federal courts of jurisdiction." FDIC v. Scott, 125 F.3d 254, 257 (5th Cir. 1997). See also EEOC v. Lutheran Social Services, 186 F.3d 959, 963 (D.C. Cir. 1999); Trafalgar Capital Associates, Inc. v. Cuomo, 159 F.3d 21, 26 (1st Cir. 1998); Young v. Reno, 114 F.3d 879, 881 (9th Cir. 1997).

In the case of regular officers on the active-duty list, the classification held by plaintiff before his retirement, the 2002 amendment to the National Defense Authorization Act expressly requires the exhaustion of administrative remedies for jurisdiction to attach, in providing that a court of the United States may not consider a "claim based to any extent on the failure of a person to be selected for promotion by a promotion [selection] board . . ., unless the person has

8

been referred by the Secretary concerned to a special selection board convened under this section and acted upon by that board and that board and the report of the board has been approved by the President[.]" 10 U.S.C. § 628(h)(1).

The administrative process for seeking Special Selection Board review of a Selection Board's failure to recommend an officer for promotion is by application to the Correction Board to correct the officer's military record as "necessary to correct an error or remove an injustice," 10 U.S.C. § 1552(a), commensurate with the provisions in 10 U.S.C. § 628(a) and (b) for the Secretary to convene a Special Selection Board to correct administrative error or material unfairness. The 2002 amendment, 10 U.S.C. § 628(h)(1), now provides that judicial review of a failure by a Selection Board to recommend an officer for promotion is not available unless and until a Special Selection Board has acted, and the only procedure available to request the Secretary to convene a Special Selection Board is through application to the Correction Board. Thus, recourse to the Correction Board in these circumstances is not optional, as averred by plaintiff, Compl. at § 12, but a mandatory prerequisite to judicial review.  The complaint itself recognizes that the Secretary has provided by memorandum dated February 19, 2004, that he will order a Special Selection Board to convene "[w]hen determined appropriate by the AFBCMR to correct an error or injustice related to the EO [equal opportunity] clause used between January, 1990 and June, 1998, . . . to determine if the member was harmed as a result of the EO clause." Compl. at ¶ 23.

Consequently, in the absence of an application to the Correction Board seeking to have the Secretary designate a Special Selection Board to reconsider a Selection Board's failure to select an officer for promotion as necessary to correct an error or remove an injustice, in this case

9

alleged harm to plaintiff as a result of an equal opportunity clause, Compl. at ¶ 23, plaintiff has not exhausted his administrative remedies, contrary to his averment, Compl. at ¶ 13. The requirement to exhaust administrative remedies is jurisdictional, and the court has no jurisdiction to consider plaintiff's claims until they have been exhausted. See Porter v. Adams, 639 F.2d 273, 276 (5th Cir. 1981); City of New York v. Slater, 145 F.3d 568, 5670 (2d Cir. 1998).

### C. The Decisions of the District Court in Juffer v. Caldera and Scott v. England Are Apposite on the Absence of Jurisdiction for the Failure to Exhaust Remedies

In Juffer v. Caldera, 138 F. Supp.2d 22 (D.D.C. 2001) (Lamberth, J.), and in Scott v. England, 264 F. Supp. 2d 5 (D.D.C. 2002) (Urbina, J.), the district court granted each defendant's motion to dismiss for lack of jurisdiction because each plaintiff had failed to exhaust his administrative remedies in that the Secretary had not yet addressed whether to reconvene a Special Selection Board to reconsider a failure by Selection Boards to recommend plaintiffs for military promotion because of equal opportunity instructions. The defendant was the Secretary of the Army in Juffer and the Secretary of the Navy in Scott, but the provisions on promotion apply equally to all branches of the military service, including the Secretary of the Air Force. In Juffer and Scott, plaintiffs were reserve officers, but the 2002 amendment, 10 U.S.C. § 628(h), applies the same limitations denying jurisdiction, absent a referral to the Secretary whether to convene a Special Selection Board in 10 U.S.C. § 628(h)(1), for regular active duty officers such as plaintiff in this case as for reserve officers, 10 U.S.C. § 14502. In Juffer and Scott, plaintiffs had filed applications to the Correction Board based on the equal opportunity instructions, in this case plaintiff has not, but in each case the principle is the same – that the Court lacks jurisdiction unless and until the Secretary has rejected his claim or referred it to a Special Selection Board.

10

In <u>Juffer</u>, the district court granted defendant's motion to dismiss for lack of jurisdiction under a similar statute governing the failure of selection for promotion of reserve officers on the active-duty list, providing at 10 U.S.C.§ 14502(g):

> **(g) Limitation of other jurisdiction.** – No official or court of the United States shall have power or jurisdiction –
>
> **(1)** over any claim, based in any way on the failure of an officer or former officer of the armed forces to be selected for promotion by a selection board convened under chapter 1403 of this title until –
>
>> **(A)** the claim has been referred to a special selection board by the Secretary concerned and acted upon by that board; or
>>
>> **(B)** the claim has been rejected by the Secretary without consideration by a special selection board; or
>
> **(2)** to grant any relief on such a claim unless the officer or former officer has been selected for promotion by a special selection board convened under this section to consider the officer's claim.

The court found in <u>Juffer</u> that plaintiff, who had pending a petition with the Army Board for Correction of Military Records based on equal opportunity instructions, had not exhausted his administrative remedies, and the court therefore did not have jurisdiction. 138 F. Supp. 2d at 23. The court observed that "Congress has specifically addressed whether a federal district court has jurisdiction to hear non-promotion claims by military officers." <u>Id.</u> at 24. Quoting the statutory mandate of 10 U.S.C. § 14502(g), the court held:

> There is very little that can be added to clarify a legislative pronouncement already this clear. Indeed, the Supreme Court has recognized that "when Congress imposes an exhaustion requirement by statute," a district court is not free to divine its own exhaustion requirements. <u>Coit Independence Joint Venture v. FSLIC</u>, 489 U.S. 561, 587, 109 S. Ct. 1361, 103 L. Ed. 602 (1989).

<u>Id.</u> Addressing plaintiff Juffer's claim, the court declared:

11

> Viewing this case against Congress' clear statement on the issue, the Court finds that it lacks jurisdiction to hear this case at this time [noting that at that time, before enactment of 10 U.S.C. § 628(h), "this statutory exhaustion requirement applies only to reserve officers, and not to Regular Army officers."]. The plaintiff's suit is clearly based on his "failure . . . to be selected for a promotion," and the Secretary of the Army has not rejected his claim or referred it to a special selection board.

Id. The court also held that the "legislative edict" mandating exhaustion "necessarily preempts [the] judicially created doctrines" asserted by plaintiff that the Army Correction Board was not empowered to consider constitutional claims, that the exhaustion requirement was relaxed with respect to constitutional questions, and that exhaustion allegedly would have been futile because the Secretary was allegedly biased. Id. at 24-25.

Likewise, in Scott, 264 F. Supp.2d at 5, the district court dismissed an action against the Secretary of the Navy alleging violations of equal protection and due process and the APA by an allegedly impermissible affirmative action promotion policy that allegedly favored minorities and women. Id. at 6. The court ruled that plaintiff's failure to exhaust administrative remedies before filing the action warranted dismissal of the action. Id. at 9. After discussing the ruling in Juffer, "in circumstances parallel to those in the instant case," the court in Scott stated, "in light of Congress's clear statement on the matter and the ruling in Juffer, this court holds that the court lacks jurisdiction to hear this case due to the pendency of administrative review." Id. at 8-9.

When, as here, a challenge is made to agency policy or practices, "merely because petitioner's argument is constitutionally based does not . . . entitle a party to bypass statutory exhaustion requirements." Northwestern Indiana Telephone Co. v. FCC, 824 F.2d 1205, 1210-11 n.8 (D.C. Cir. 1987). In Bittner v. Sec'y of Defense, 625 F. Supp. 1022 (D.D.C. 1985) (June L. Green, J.), in requiring the exhaustion of administrative remedies, the court rejected plaintiff's

claims that the review boards lacked the authority to examine constitutional claims, that the

review process was too long and time-consuming, and that prior board action with respect to

other individual plaintiffs suggested that plaintiff would also be unsuccessful in his claims, id. at

1027:

> The Court should not address constitutional claims where issues may be resolved
> in plaintiff's favor at the administrative level on nonconstitutional grounds.
> Further, as demonstrated by other individual plaintiffs in this action, the
> administrative review process is not inordinately long.  Additionally, it provides
> the Court with valuable agency expertise and fact finding that could assist the
> Court in reviewing plaintiff[']s claims.  Finally, prior board action of other
> plaintiffs in this action are not determinative as to plaintiff[']s claims.  The review
> board must determine individually the factual basis and propriety of plaintiff[`]s
> general discharge.  The Court notes that beyond any information assistance, these
> review boards may render in reviewing plaintiff[`]s claims, pursuing
> administrative remedies within the Air Force affords the defendants the
> opportunity "to discover and correct its own errors," if any.

Id.  "[T]he mere fact that a complaint raises questions of statutory interpretation and

constitutionality of regulations does not exempt the action from the exhaustion doctrine." St.

Regis Paper Co. v. Marshall, 591 F.2d 612, 614 (10th Cir. 1979); see also Bois v. Marsh, 801

F.2d 462, 467-468 (D.C. Cir. 1986); Champagne v. Schlesinger, 506 F.2d 979, 984 (7th Cir.

1974); Stanford v. United States, 413  F.2d 1048, 1048-49 (5th Cir. 1969).

It is well settled that a jurisdictional issue must be resolved as a threshold matter in favor

of the non-moving party before the court may proceed to the merits.  Steel Co. v. Citizens for a

Better Environment, 523 U.S. 83, 88-89. 93-103 (1998).  Without jurisdiction, the court cannot

proceed at all to the merits in any cause, but can only note the jurisdictional defect and dismiss

the suit, id. at 94-95, quoting Ex parte McCardle, 7 Wall. (74 U.S.) 506, 514 (1869) ("when

[jurisdiction] ceases to exist, the only function remaining to the court is that of announcing the

fact and dismissing the case"), and Mansfield, C & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382

(1884) ("the requirement that jurisdiction be established as a threshold matter springs from the

nature and limits of judicial power of the United States" and "is inflexible and without

exception"). See Scott v. England, 264 F. Supp. 2d at 8. Thus, there is no legal justification to

stay the pending complaint because of the uncertain eventualities should plaintiff at some time in

the future file an application with the Correction Board to convene a Special Selection Board.

## II.  JURISDICTION IS NOT CONFERRED BY THE FEDERAL QUESTION STATUTE OR THE ADMINISTRATIVE PROCEDURE ACT

In his complaint, plaintiff has invoked 18 U.S.C. § 1331, the federal question statute, and

5 U.S.C. §§ 701, et seq., the Administrative Procedure Act, as the basis for jurisdiction.  Compl.

at ¶ 4.  Neither statute is applicable to confer jurisdiction in this action because the United States

has not waived sovereign immunity under the circumstances of this action.

"Under settled principles of sovereign immunity, 'the United States, as sovereign, "is

immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in

any court define the court's jurisdiction to entertain the suit.""" United States v. Dalm, 494 U.S.

596, 608 (1990), citing United States v. Testan, 424 U.S. 392, 399 (1976), and quoting United

States v. Sherwood, 312 U.S. 584, 586 (1941).  A suit against a federal agency or its employees

in their official capacity is a suit against the United States, and, absent its consent, is subject to

the defense of sovereign immunity.  Hawaii v. Gordon, 373 U.S.57, 58 (1963).  There is no

implied right of action as against the federal government, and a waiver of the sovereign immunity

of the United States in a suit against a federal agency cannot be implied but must be

unequivocally expressed and unambiguously established.   United States v. Mitchell, 445 U.S.

14

535, 538 (1980); <u>United States v. Testan</u>, 424 U.S. at 399; <u>Dorsey v. United States Dep't of Labor</u>, 41 F.3d 1551, 1555 (D.C. Cir. 1994). A waiver of the government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign, ambiguities will be construed in favor of immunity, and exceptions are not to be implied. <u>Lane v. Pena</u>, 518 U.S. 187, 192 (1996); <u>Galvan v. Federal Prison Industries, Inc.</u>, 199 F.3d 461, 464 (D.C. Cir. 1999).

## A.  The Federal Question Statute Does Not Confer Jurisdiction

"It is well settled" that the general federal question statute invoked by plaintiff, Compl. at ¶ 4, giving district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, "'implies no general waiver of sovereign immunity[],' and, therefore, cannot alone be relied upon as the basis of jurisdiction[.]" <u>Voluntary Purchasing Groups, Inc. v. Reilly</u>, 889 F.2d 1380, 1385 (5th Cir. 1989). <u>See also</u>  <u>Swan v. Clinton</u>, 103 F.3d at 981 ("Neither the general federal question statute nor the mandamus statute by itself waives sovereign immunity"); <u>Benvenuti v. Dep't of Defense,</u> 587 F. Supp. 348, 352 (D.D.C. 1984) (John Lewis Smith, J.). The statute conferring federal question jurisdiction "is not a general waiver of sovereign immunity. . . . It merely establishes the subject matter that is within the competence of federal courts to entertain. It does not expand the power of those courts in terms of the parties over whom it may exercise jurisdiction." <u>Coggeshall Development Corp. v. Diamond</u>, 884 F.2d at 4.

## B.  In the Absence of Final Agency Action, the APA Does Not Confer Jurisdiction

Jurisdiction is also invoked in the complaint in this case under the Administrative Procedure Act, 5 U.S.C. § 701. Compl. at ¶ 1. Provision is made for the waiver by the federal government of its sovereign immunity in an action under the APA in 5 U.S.C. § 702:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States[.]

The APA thus waives the sovereign immunity of the United States in actions for non-monetary relief based on challenges to federal agency action. Swan v. Clinton, 100 F.3d 973, 981 n.4 (D.C. Cir. 1996). However, final agency action is a jurisdictional prerequisite to judicial review under the APA under 5 U.S.C. § 704, which provides that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."[1] See FTC v. Standard Oil Co. of California, 449 U.S. 232, 238 (1980) (APA judicial review available before conclusion of administrative adjudication only if issuance of agency complaint was "final agency action" or was otherwise "directly reviewable" under § 704); Hindes v. FDIC, 137 F.3d 148, 161 (3d Cir. 1998) ("APA only provides for review of those actions 'made reviewable by statute and final agency action for which there is no other adequate remedy in a court'"); Beverly Enterprises, Inc. v. Herman, 50 F. Supp. 2d 7, 11 (D.D.C. 1999) (Harris, J.) (final agency action is a jurisdictional prerequisite to judicial review under APA).

"Congress gave agencies free dominion to make rulings or adjudications free from judicial interference until there is final agency action. This cannot be side-stepped."

---

[1] The concepts of "finality" and "exhaustion" are not identical, no matter how often they converge; in general, exhaustion refers to the steps that the litigant must take, whereas finality refers to the conclusion of activity by the agency. Ticor Title Insurance Co. v. FTC, 814 F.2d 731, 745-46 (D.C. Cir. 1987) (separate opinion, Williams, Circuit Judge); Bethlehem Steel Corp. v. EPA, 669 F.2d 903, 908 (3d Cir. 1982).

16

Independent Petroleum Ass'n of America v. Babbitt, 971 F. Supp. 19, 29 (D.D.C. 1997), motion

to amend denied, 178 F.R.D. 323, 326 and n.4 (D.D.C. 1998) (Lamberth, J.) (when there are

pending administrative appeals, so that an agency's deliberative decision making process is not

complete, judicial interference is especially inappropriate), affd., 235 F.3d 588, 594 (D.C. Cir.

2001)  (district court properly dismissed complaint because of lack of final agency action),

quoting DRG Funding Corp. v. Sec'y of HUD, 76 F.3d 1212, 1214 (D.C. Cir. 1996)  ("The

requirement of a final agency action has been considered jurisdictional. . . . If the agency action

is not final, the court therefore cannot reach the merits of the dispute") (footnote omitted), and

Public Citizen v. Office of U.S. Trade Representatives, 970 F.2d 916, 918 (D.C. Cir. 1992) ("As

finality is a jurisdictional requirement," the absence of a final agency action "precludes us

from considering the merits, and removes any need for considering the government's other

jurisdictional argument").

   Accordingly, since clearly there can be no final agency action until after the Secretary has

convened or declined to convene a Special Selection Board, and, if convened, the Special

Selection Board has acted on reconsideration of plaintiff's failure to be selected for promotion

for 1997 and 1998, there has been no waiver of sovereign immunity, so that no jurisdiction

attaches under the APA for such a claim.

### CONCLUSION

   For the foregoing reasons, the Court should grant defendant's motion to dismiss.

                         Respectfully submitted,

                         PETER D. KEISLER
                         Assistant Attorney General

17

JEFFREY A. TAYLOR
Interim United States Attorney

VINCENT M. GARVEY
Deputy Branch Director
D.C. Bar No. 127191

OF COUNSEL:

MAJOR CAREY A. MERRILL
AFLOA/JACL
1501 Wilson Blvd., 7th Floor
Arlington, VA  22209
Telephone:  (703) 696-9119
Facsimile:  (703) 696-8446
email: carey.merrill@pentagon.af.mil

/s/ Herbert E. Forrest
HERBERT E. FORREST
Trial Attorney, DC Bar No. 4432
Federal Programs Branch
Civil Division – Room 7112
U.S. Department of Justice
20 Massachusetts Avenue, N.W.
Washington, D.C.  20530
Telephone: (202) 514-2809
Facsimile: (202) 616-8470
herbert.forrest@usdoj.com

Attorneys for Defendant

October 12, 2006