# APPLICATION FOR CORRECTION OF MILITARY RECORD UNDER THE PROVISIONS OF TITLE 10, U.S. CODE, SECTION 1552

*(Please read instructions on reverse side BEFORE completing application.)*

Form Approved
OMB No. 0704-0003
Expires Aug 31, 2000

The public reporting burden for this collection of information is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing the burden, to Department of Defense, Washington Headquarters Services, Directorate for Information Operations and Reports (0704-0003), 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302. Respondents should be aware that notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information if it does not display a currently valid OMB control number.

**PLEASE DO NOT RETURN YOUR COMPLETED FORM TO THE ABOVE ADDRESS. RETURN COMPLETED FORM TO THE APPROPRIATE ADDRESS ON THE BACK OF THIS PAGE.**

## PRIVACY ACT STATEMENT

**AUTHORITY:** Title 10 US Code 1552, EO 9397.

**PRINCIPAL PURPOSE:** To initiate an application for correction of military record. The form is used by Board members for review of pertinent information in making a determination of relief through correction of a military record.

**ROUTINE USE(S):** None.

**DISCLOSURE:** Voluntary; however, failure to provide identifying information may impede processing of this application. The request for Social Security Number is strictly to ensure proper identification of the individual and appropriate records.

**1. APPLICANT DATA**

a. BRANCH OF SERVICE (X one): ARMY [ ]  NAVY [ ]  AIR FORCE [X]  MARINE CORPS [ ]  COAST GUARD [ ]

b. NAME (Last, First, Middle Initial): Zynda, Edmund P. II
c. PRESENT PAY GRADE: O-3E
d. SERVICE NUMBER: None
e. SSN: (redacted)

2. TYPE OF DISCHARGE: None
3. PRESENT STATUS: Active Duty
4. DATE OF DISCHARGE OR RELEASE FROM ACTIVE DUTY: None

5. ORGANIZATION AT TIME OF ALLEGED ERROR IN RECORD:
55 OSS/OSTL
Offutt AFB, NE

6. I DESIRE TO APPEAR BEFORE THE BOARD IN WASHINGTON, D.C. (No expense to the Government): YES [ ] NO [X]

7. COUNSEL (If any)
a. NAME: None
b. ADDRESS: None

**8. I REQUEST THE FOLLOWING CORRECTION OF ERROR OR INJUSTICE:**
Consideration to compete my corrected records at a Special Selection Board for my primary Major's Board (CY0497)

**9. I BELIEVE THE RECORD TO BE IN ERROR OR UNJUST IN THE FOLLOWING PARTICULARS:**
a.) Air Force Achievement Medal was not in my records prior to my primary Major's Board convening. (CY0497)
b.) PRF was not in my records prior to my primary Major's Board convening.
c.) Annotation on my PRF unfairly highlights my PRF and the correction can be misconstrued to be a negative correction.
d.) DAFSC on my PRF is K12R3B and should be L12R3B.
e.) Incorrect DAFSCs for duty positions while assigned to the 55 OSS. (See remarks)

**10. IN SUPPORT OF THIS APPLICATION I SUBMIT AS EVIDENCE THE FOLLOWING:**
Copy of dated and corrected PRF
Extract from Inspector General (IG) report and correspondence
Duty history and copies of OPRs
Letters from Commander and rater
Officer SURF

**11. ALLEGED ERROR OR INJUSTICE**

a. DATE OF DISCOVERY: 12 May 97

b. IF MORE THAN THREE YEARS SINCE THE ALLEGED ERROR OR INJUSTICE WAS DISCOVERED, STATE WHY THE BOARD SHOULD FIND IT IN THE INTEREST OF JUSTICE TO CONSIDER THIS APPLICATION.
Advised by the Inspector General (IG) to wait until the investigation was complete.

12. APPLICANT MUST SIGN IN ITEM 16. IF THE RECORD IN QUESTION IS THAT OF A DECEASED OR INCOMPETENT PERSON, LEGAL PROOF OF DEATH OR INCOMPETENCY MUST ACCOMPANY APPLICATION. IF APPLICATION IS SIGNED BY OTHER THAN APPLICANT, INDICATE RELATIONSHIP OR STATUS BY MARKING APPROPRIATE BOX.

[ ] SPOUSE  [ ] WIDOW  [ ] WIDOWER  [ ] NEXT OF KIN  [ ] LEGAL REPRESENTATIVE  [ ] OTHER (Specify)

13. I MAKE THE FOREGOING STATEMENTS, AS PART OF MY CLAIM, WITH FULL KNOWLEDGE OF THE PENALTIES INVOLVED FOR WILLFULLY MAKING A FALSE STATEMENT OR CLAIM. (U.S. Code, Title 18, Sec. 287, 1001, provides that an individual shall be fined under this title or imprisoned not more than 5 years, or both.)

14.a. COMPLETE CURRENT ADDRESS:
3417 Bline Avenue
Bellevue, Nebraska, 68123-1323

b. TELEPHONE NUMBER: (402) 291-1708

DOCUMENT NUMBER: 9903129

15. DATE SIGNED: 9 Nov 99
16. SIGNATURE: /s/ Edmund C. Zynda II

DEFENDANT'S EXHIBIT A

DD FORM 149, SEP 1997 (EG)    PREVIOUS EDITION IS OBSOLETE    Designed using Perform Pro, WHS/DIOR, Sep 97

## INSTRUCTIONS
*(All data should be typed or printed)*

1. For detailed information see: Air Force Instruction 36-2603; Army Regulation 15-185; Coast Guard, Code of Federal Regulations; Title 33, Part 52; or Navy, Code of Federal Regulations; Title 32, Part 723.

2. Submit only original of this form.

3. Complete all items. If the question is not applicable, mark "None."

4. If space is insufficient, use "Remarks" or attach additional sheet.

5. Various veterans and service organizations furnish counsel without charge. These organizations prefer that arrangements for representation be made through local posts or chapters.

6. List all attachments and enclosures.

7. ITEMS 6 AND 7. Personal appearance of you and your witnesses or representation by counsel is not required to ensure full and impartial consideration of applications. Appearances and representations are permitted, at no expense to the Government, when a hearing is authorized.

8. ITEM 8. State the specific correction of record desired.

9. ITEM 9. In order to justify correction of a military record, it is necessary for you to show to the satisfaction of the Board, or it must otherwise satisfactorily appear, that the alleged entry or omission in the record was in error or unjust. Evidence may include affidavits or signed testimony of witnesses, executed under oath, and a brief of arguments supporting application. All evidence not already included in your record must be submitted by you. The responsibility for securing new evidence rests with you.

10. ITEM 11. 10 U.S.C. 1552b provides that no correction may be made unless request is made within three years after the discovery of the error or injustice, but that the Board may excuse failure to file within three years after discovery if it finds it to be in the interest of justice.

### MAIL COMPLETED APPLICATIONS TO APPROPRIATE ADDRESS BELOW

| ARMY | COAST GUARD |
|---|---|
| (For Active Duty Personnel)<br>Army Board for the Correction of Military Records<br>1941 Jefferson Davis Highway, 2nd Floor<br>Arlington, VA 22202-4508<br><br>(For Other than Active Duty Personnel)<br>Army Review Boards Agency<br>Support Division, St. Louis<br>ATTN: SFMR-RBR-SL<br>9700 Page Avenue<br>St. Louis, MO 63132-5200 | Chairman<br>Board for Correction of Military Records (C-60)<br>Department of Transportation<br>400 7th St., SW<br>Washington, DC 20590 |
| **NAVY AND MARINE CORPS** | **AIR FORCE** |
| Board for Correction of Naval Records<br>2 Navy Annex<br>Washington, DC 20370-5100 | Board for Correction of Air Force Records<br>SAF/MIB<br>550-C Street West, Suite 40<br>Randolph AFB, TX 78150-4742 |

**17. REMARKS** *(Applicant has exhausted all administrative channels in seeking this correction and has been counseled by a representative of his/her servicing military personnel office. (Applicable only to active duty and reserve personnel.))*

1 Nov 1993 - AFSC 12R3H indicates an Electronic Warfare Officer. I was in fact a Stan Eval Instructor Navigator. The correct AFSC should be Q12R3J and the Duty Title shoould be Chief, Cobra Ball Ops Plans Stan/Eval Inst Nav.

1 Sep 1994 - AFSC 12R3J indicates a regular navigator. I was in fact not only an Instructor Navigator but also the Wing Navigator. The correct AFSC should be K12R3J and the Duty Title should be Chief, Wing Navigation, Inst Nav.

15 Apr 1997 - AFSC L12R3J indicates a navigator on the RC-135. I am in fact an Instructor Navigator on the E-4B. The correct AFSC should be L12R3B and the Duty Title should be Ch, Wg Acrw Life Spt Inst Nav E-4B.

The OSS (Operations Support Squadron) has not had the proper AFSC billets assigned since it's inception in 1992. This has been an ongoing problem that is just now slowly being corrected. This correction however, does not help those of us who were the first cadre to become members of this new squadron. We were assigned whatever AFSCs that were available at the time with no recourse to get it changed.

If needed, I can send copies of flight records, AF Form 8's, 781 extracts etc.

**DD FORM 149 (BACK), SEP 1997**



# DEPARTMENT OF THE AIR FORCE
WASHINGTON, DC

Office of the Assistant Secretary

AUG 30 2000

AFBCMR
1535 Command Drive
EE Wing 3rd Floor
Andrews AFB, MD 20762-7002

Captain Edmund P. Zynda II, USAF, Retired
3417 Bline Avenue
Bellevue, NE 68123

Dear Captain Zynda

    Reference your application submitted under the provisions of AFI 36-2603 (Section 1552, 10 USC), AFBCMR Docket Number 99-03129.

    After careful consideration of your application and military records, the Board determined that the evidence you presented did not demonstrate the existence of probable material error or injustice. Accordingly, the Board denied your application.

    You have the right to submit newly discovered relevant evidence for consideration by the Board. In the absence of such additional evidence, a further review of your application is not possible.

    BY DIRECTION OF THE PANEL CHAIR

DONNA PITTENGER
Chief Examiner
Air Force Board for Correction
of Military Records

Attachment:
Record of Board Proceedings


DEFENDANT'S EXHIBIT B

RECORD OF PROCEEDINGS
AIR FORCE BOARD FOR CORRECTION OF MILITARY RECORDS

IN THE MATTER OF:                DOCKET NUMBER: 99-03129

    EDMUND P. ZYNDA II           COUNSEL: NONE

                                 HEARING DESIRED: NO

---

APPLICANT REQUESTS THAT:

He be given Special Selection Board (SSB) consideration by the Calendar Year 1997C (CY97C) Central Major Selection Board, which convened on 20 Jun 97.

---

APPLICANT CONTENDS THAT:

An Air Force Achievement Medal (AFAM) was not in his records prior to the convening of the CY97C Major Board.

His Performance Recommendation Form (PRF) prepared for consideration by the CY97C Major Board was not in his records prior to the convening of the board.

The annotation on his PRF unfairly highlighted his PRF and the correction could be misconstrued to be a negative correction.

His Duty Air Force Specialty Code (DAFSC) on his PRF is K12R3B and should be L12R3B.

The DAFSCs for the duty positions while assigned to the 55th Operation Support Squadron (55 OSS) were incorrect.

In support of his appeal, the applicant provided copies of his PRF, extracts from an Inspector General report, and his appeal under the provisions of AFI 36-2401, which included copies of his Officer Performance Reports (OPRs), duty history, and supportive statements.

Applicant's complete submission is at Exhibit A.

STATEMENT OF FACTS:

Applicant was appointed a second lieutenant, Reserve of the Air Force, on 10 Sep 86 and voluntarily ordered to extended active duty on the same date.

Information extracted from the Personnel Data System (PDS) indicates that the applicant retired for length of service, effective 1 Jul 00. His Total Active Federal Military Service Date (TAFMSD) was 18 Dec 79.

Applicant's OPR profile since 1989 follows:

|     | PERIOD ENDING | EVALUATION |
|-----|---------------|------------|
|     | 14 Apr 89     | Meets Standards |
|     | 14 Apr 90     | Meets Standards |
|     | 28 Aug 90     | Meets Standards |
|     | 28 Aug 91     | Meets Standards |
|     | 7 May 92      | Meets Standards |
|     | 7 May 93      | Meets Standards |
|     | 7 May 94      | Meets Standards |
|     | 7 May 95      | Meets Standards |
|     | 7 May 96      | Meets Standards |
| #   | 15 Apr 97     | Meets Standards |
| ##  | 6 Jan 98      | Meets Standards |
| ### | 14 Aug 98     | Meets Standards |
|     | 14 Aug 99     | Meets Standards |

  # Top Report at the time he was considered and nonselected for promotion to the grade of major by the CY97C (20 Jun 97) Major Board.

 ## Top Report at the time he was considered and nonselected for promotion to the grade of major by the CY98B (1 Jun 98) Major Board.

### Top Report at the time he was considered and nonselected for promotion to the grade of major by the CY99A (19 Apr 99) Major Board.

AIR FORCE EVALUATION:

The Assignment Information Systems Branch, AFPC/DPAPS, reviewed this application and addressed the assignment history issue. DPAPS indicated that without valid source documents, they nonconcur with the applicant's request to change his DAFSCs. However, they indicated that if the decision is to grant the relief sought, the OPR closing 7 May 94 should have the DAFSC and duty title changed first, then have a follow-up in the PDS. The same applies to the OPRs closing 7 May 95 and 6 Jan 98 with the exception of the duty titles. These duty titles are correct on

2

the OPRs and in the PDS--their only limitation being the 31 spaces allotted for this data field. By changing the source documents first, it would preclude any future mismatches between the source documents and the PDS.

A complete copy of the DPAPS evaluation is at Exhibit C.

The Evaluation Board Branch, AFPC/DPPPEB, reviewed this application and recommended denial of the applicant's request to change the DAFSC on the PRF. According to DPPPEB, the original PRF should stand since there is no evidence that the applicant received anything but fair and equitable treatment in the PRF process. If the AFBCMR decides to allow a change to the DAFSC, this would be a minor administrative change that would not warrant an SSB.

A complete copy of the DPPPEB evaluation is at Exhibit D.

The Appeals and SSB Section, AFPC/DPPPA, reviewed this application and recommended denial. A complete copy of the DPPPA evaluation is at Exhibit E.

---

APPLICANT'S REVIEW OF AIR FORCE EVALUATION:

Applicant reviewed the advisory opinions and furnished a response and additional documentary evidence, which are attached at Exhibit G.

---

THE BOARD CONCLUDES THAT:

1. The applicant has exhausted all remedies provided by existing law or regulations.

2. The application was timely filed.

3. Insufficient relevant evidence has been presented to demonstrate the existence of probable error or injustice. We took notice of the applicant's complete submission in judging the merits of the case; however, we agree with the opinion and recommendation of the Air Force offices of primary responsibility (OPRs) and adopt their rationale as the basis for our conclusion that the applicant has not been the victim of an error or injustice. No evidence has been presented which has shown to our satisfaction that the AFAM and PRF were not in his records prior to the convening of the CY97C board, his PRF was unfairly annotated, or that his DAFSCs were in error, with the exception of the DAFSC of Q12R3J, with an effective date of 1 Sep 92, which should have been M1565L. It appears that the DAFSC has been corrected administratively. However, we believe that this was an innocuous error not warranting SSB consideration. In view of the

3

above, and in the absence of sufficient evidence to support a determination that the applicant's record before the original selection board was so inaccurate or misleading that the board was unable to make a reasonable decision concerning his promotability in relationship to his peers, we find no compelling basis to recommend granting the relief sought in this application.

---

THE BOARD DETERMINES THAT:

The applicant be notified that the evidence presented did not demonstrate the existence of probable material error or injustice; that the application was denied without a personal appearance; and that the application will only be reconsidered upon the submission of newly discovered relevant evidence not considered with this application.

---

The following members of the Board considered this application in Executive Session on 2 Aug 00, under the provisions of AFI 36-2603:

   Mr. Benedict A. Kausal IV, Panel Chair
   Ms. Kathy L. Boockholdt, Member
   Mr. Philip Sheuerman, Member

The following documentary evidence was considered:

   Exhibit A.  DD Form 149, dated 9 Nov 99, w/atchs.
   Exhibit B.  Applicant's Master Personnel Records.
   Exhibit C.  Letter, AFPC/DPAPS, dated 10 Jan 00.
   Exhibit D.  Letter, AFPC/DPPPEB, dated 20 Jan 00.
   Exhibit E.  Letter, AFPC/DPPPA, dated 28 Jan 00.
   Exhibit F.  Letter, SAF/MIBR, dated 11 Feb 00.
   Exhibit G.  Letter, applicant, dated 8 May 00.

BENEDICT A. KAUSAL IV
Panel Chair

4